# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MILLER, | CASE NO. 1:09-cv-01101-SKO |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

On June 22, 2009, Plaintiff filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying Plaintiff's applications for disability insurance benefits and Supplemental Security Income. (Doc. 1.) On June 23, 2009, the Court issued a scheduling order directing (1) Plaintiff to serve upon Defendant a letter brief within thirty (30) days after service of the administrative record; (2) Defendant to serve a response to Plaintiff's letter brief within thirty-five (35) days thereafter; (3) the parties to file any stipulation to a remand within fifteen (15) days after Defendant's response; and (4) Plaintiff to file and serve an opening brief within thirty (30) days of Defendant's response if Defendant did not agree to a remand to the Commissioner.

The Commissioner filed and served the administrative record on January 27, 2010. (Doc. 10.) Pursuant to the June 23, 2009, scheduling order, Plaintiff's opening brief was due on May 13,

2010. The Court's review of the docket indicates that, to date, Plaintiff has neither filed his brief nor requested additional time to do so.

The Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To that end, "[d]istrict courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (second alteration in original); *see also Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

> In the courts, there is room for only so much lenity. The district court must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket. Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline. . . . Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires. A district court must be able to exercise its managerial power to maintain control over its docket. This power is necessary for the court to administer effective justice and prevent congestion.

*Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004) (citation omitted).

Accordingly, it is ORDERED that, **no later than May 24, 2010**, Plaintiff shall file his opening brief or show cause why the Court should not impose sanctions under Local Rule 110, including dismissal, for failing to comply with an order of this Court.

IT IS SO ORDERED.

**Dated:   May 17, 2010**                    **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE